IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| James Willie Elkins, Jr., #241002, | ) | C/A No.: 1:14-1549-BHH-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Warden Leroy Cartledge, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner James Willie Elkins, Jr., is an inmate at the McCormick Correctional Institution of the South Carolina Department of Corrections who filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(c) (D.S.C.) for a Report and Recommendation on Respondent's motion for summary judgment and return [ECF Nos. 26, 27]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's motion by October 23, 2014. [ECF No. 28]. After obtaining an extension, Petitioner filed a response to the motion [ECF No. 34], and it is ripe for disposition.

Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that the court grant Respondent's motion for summary judgment.

I.    Factual and Procedural Background

At trial, the state presented evidence that Petitioner, who was approximately 70

years old in May 2005, sexually assaulted a nine-year old girl ("Victim") on two occasions. [ECF Nos. 27-1 at 43–48; 27-2 at 55]. The Victim was eleven years old when she testified at Petitioner's trial. [*Id.* at 42–43]. She testified that Petitioner was living with her and her mother at the time of the incidents and that she called him "Daddy." [*Id.* at 41–42]. The Victim testified that Petitioner instructed her to remove her clothes and that he engaged in sexual intercourse with her twice over a two week period. [*Id.* at 43–45]. A few weeks after the incidents, the Victim developed a stomach ache and was taken to the emergency room, where she tested positive for a sexually transmitted disease, and the doctor discovered evidence of trauma to her hymen. [*Id.* at 48–49]. While at the emergency room, the Victim eventually told her mother that Petitioner had sexually assaulted her. [*Id.* at 49].

Petitioner was indicted by the Newberry County grand jury during the August 2005 term of court for two counts of criminal sexual conduct ("CSC") with a minor (2005-GS-36-400, -402) [ECF No. 27-2 at 89–92] and two counts of lewd act on a minor.[1] Petitioner was represented by Ray Wicker, Esq., and proceeded to a jury trial on December 3–4, 2007, before the Honorable Edward W. Miller, Circuit Court Judge. [ECF No. 27-1 at 3 *et seq.*].   The jury found Petitioner guilty on both CSC charges. [ECF No. 27-2 at 10–11]. Judge Miller sentenced Petitioner to 30 years on each count. [*Id.* at 15].

Petitioner appealed his convictions and sentences to the South Carolina Court of Appeals ("Court of Appeals"). On appeal, Petitioner was represented by Wanda H. Carter, Esq., of the South Carolina Commission on Indigent Defense, Division of Appellate

_____

[1] The indictments for the lewd acts on a minor do not appear in the record before the court.

Defense, who filed an *Anders*[2] brief on January 9, 2009, raising the following issue: "The trial judge erred in failing to determine whether the child witness was competent to testify in the case after it became clear that said witness was apparently under considerable stress from the events which led to the trial and the trial itself." [ECF No. 27-3 at 4]. Attorney Carter certified that the appeal was without merit and asked to be relieved as counsel. [*Id.* at 9]. Petitioner filed a pro se response to the *Anders* brief, raising the following issues:

1) Did Appellant receive ineffective assistance of counsel when trial counsel failed to conduct a proper pre-trial investigation before and during trial?

2) Actual innocence?

3) Denial of discovery.

4) Did the trial court lack subject matter jurisdiction?

5) Was the appellant denied fundamental fairness, due process, and equal protection of the law?

[ECF No. 27-4 at 3] (errors in original).

On February 24, 2010, the Court of Appeals filed an unpublished decision dismissing the appeal and granting counsel's request to withdraw. [ECF No. 27-5].

---

[2] *Anders v. California*, 386 U.S. 738, 744 (1967), requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal, furnish a copy of that brief to the defendant, and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited.

Petitioner filed an application for post-conviction relief ("PCR") on June 9, 2010, as amended July 22, 2011, in which he alleged various grounds of ineffective assistance of trial, claims of being subjected to false/bogus charges, and due process violations. [ECF No. 27-2 at 30–41, 47–51]. A PCR evidentiary hearing was held before the Honorable Frank R. Addy, Jr., Circuit Court Judge, on November 17, 2011, at which Petitioner and his PCR counsel, Charles T. Brooks, III, Esq., appeared. [ECF No. 27-2 at 52–84].   On November 21, 2011, Judge Addy issued an order of dismissal. [*Id.* at 85–87].

Petitioner appealed from the denial of PCR and was again represented by Attorney Carter, who filed a petition for writ of certiorari in the South Carolina Supreme Court on July 9, 2012, raising the following issues:

1.    Trial counsel erred in advising petitioner that he had to testify to prove his innocence and in making erroneous closing arguments that led the jury to believe that petitioner had to prove his innocence because the state must prove guilt beyond a reasonable doubt.

2.    Trial counsel erred in emphasizing petitioner's prior record continually throughout the trial and in failing to object to comments made by other witnesses regarding his prior criminal record because the prejudicial value of these references did not outweigh the probative value of the same.

[ECF No. 27-7 at 3]. The South Carolina Supreme Court denied certiorari in an order filed March 19, 2014. [ECF No. 27-9]. The remittitur was issued on April 7, 2014. [ECF No. 27-10].

4

Petitioner filed this federal petition for a writ of habeas corpus on April 15, 2014. [ECF No. 1].[3]

## II.    Discussion

### A.    Federal Habeas Issues

Petitioner now asserts he is entitled to a writ of habeas corpus on the following claims:

**Ground One**:    The trial judge erred in failing to determine whether the child defendant was competent to testify in the case after it became clear that said witness was apparently under considerable stress from the events which led to the trial and the trial itself.

**Ground Two**:    Ineffective Assistance of Counsel:

(A) Trial counsel erred in advising petitioner that he had to testify to prove his innocence and in making erroneous closing arguments that led the jury to believe that petitioner had to prove his innocence because the state must prove guilt beyond a reasonable doubt.

(B) Trial counsel erred in emphasizing petitioner's prior record continually throughout the trial and in failing to object to comments made by other witnesses regarding petitioner's prior record because the prejudicial value of these references did not outweigh the probative value of the same.

(C) Petitioner further argues that PCR counsel under-minded his due process in not helping Petitioner to bring up his amended PCR—"all" his amended PCR issues once he was at his PCR hearing. See: Martinez v. Ryan, 132 S.Ct. 1309. Clearly meritorious issues. Which is clearly objective factor, that has impeded Petitioner's efforts to

---

[3] The petition was received by the court on April 17, 2014, and docketed on April 21, 2014. [ECF No. 1-3 at 1]. However, because Petitioner is incarcerated, he benefits from the "prison mailbox rule." *Houston v. Lack*, 487 U.S. 266 (1988). The envelope containing the petition was deposited in the prison mailing system on April 15, 2014. [ECF No. 1-3 at 2].

comply with the State's procedural SEE: Mathews v. Evatt, 105 F.3d 907; Wainwright v. Sykes, 433 U.S. 72; Murray v Carrier, 477 U.S. 478: Coleman v. Thompson, 501 U.S. 722 thus Petitioner argues that he is entitled to excuses from "any" procedural bars and defaults. (Attachment to federal habeas petition, p. 1&2 of 9).[4]

[ECF Nos. 1 at 5–8, 1-2] (errors in original).

B.    Standard for Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* At the summary judgment stage, the court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Id.* at 255. However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon

---

[4] Petitioner lists some 26 claims of ineffective assistance of counsel that he alleges should have been raised or addressed by the PCR Court. Petitioner incorrectly numbers the claims as 1–31, but 12–16 are omitted.

mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e).

### C.    Habeas Corpus Standard of Review

#### 1.    Generally

Because Petitioner filed his petition after the effective date of the AEDPA, review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Noland v. French*, 134 F.3d 208, 213 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2); *see Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 410.  Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

#### 2.    Procedural Bar

Federal law establishes this court's jurisdiction over habeas corpus petitions. 28

U.S.C. § 2254.   This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States[,]" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. *Id.* The separate but related theories of exhaustion and procedural bypass operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. A habeas corpus petition filed in this court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

a.     Exhaustion

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

> (b)     (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that—
>
>> (A)     the applicant has exhausted the remedies available in the courts of the State; or
>>
>> (B)     (i) there is an absence of available State corrective process; or
>>
>>> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

8

(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.

The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A).   In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR. State law requires that all grounds be stated in the direct appeal or PCR application. Rule 203 SCACR; S.C. Code Ann. § 17-27-10, *et seq.*; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767 (S.C. 1976). If the PCR court fails to address a claim as is required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP. Failure to do so will result in the application of a procedural bar by the South Carolina Supreme Court. *Marlar v. State,* 653 S.E.2d 266 (S.C. 2007).[5] Furthermore, strict time deadlines govern direct appeal and the filing of a PCR in

---

[5] In *Bostick v. Stevenson*, 589 F.3d 160, 162–65 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007 decision in *Marlar*, South Carolina courts had not been uniformly and strictly enforcing the failure to file a motion pursuant to Rule 59(e), SCRCP, as a procedural bar. Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

the South Carolina courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

The United States Supreme Court has held that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"—which includes "petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State." *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999). This opportunity must be given by fairly presenting to the state court "both the operative facts and the controlling legal principles" associated with each claim. *Baker v. Corcoran,* 220 F.3d 276, 289 (4th Cir. 2000)(internal citations omitted). That is to say, the ground must "be presented face-up and squarely." *Mallory v. Smith*, 27 F.3d 991, 995 (4th Cir. 1994) (citation and internal quotation marks omitted).

The South Carolina Supreme Court has held that the presentation of claims to the state court of appeals without more is sufficient to exhaust state remedies for federal habeas corpus review. *State v. McKennedy,* 559 S.E.2d 850 (S.C. 2002); *see also In re Exhaustion of State Remedies in Criminal and Post–Conviction Relief Cases,* 471 S.E.2d 454 (S.C. 1990). The *McKennedy* court held that *In re Exhaustion* had placed discretionary review by the South Carolina Supreme Court "*outside* of South Carolina's ordinary appellate review procedure pursuant to *O'Sullivan*." 559 S.E.2d at 854. As such, it is an "extraordinary" remedy under *O'Sullivan*, "technically available to the litigant but not required to be exhausted." *Adams v. Holland*, 330 F.3d 398, 403 (6th Cir. 2003).

10

Because the South Carolina Supreme Court has held that presentation of certain claims to the Court of Appeals without more is sufficient to exhaust state remedies, a claim is not procedurally barred from review in this court for failure to pursue review in the South Carolina Supreme Court after an adverse decision in the Court of Appeals.

b.    Procedural Bypass

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner who seeks habeas corpus relief as to an issue failed to raise that issue at the appropriate time in state court and has no further means of bringing that issue before the state courts. In such a situation, the person has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. Procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings if the state has procedural rules that bar its courts from considering claims not raised in a timely fashion.

The South Carolina Supreme Court will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. As the Supreme Court explains:

> . . . [state procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed v. Ross*, 468 U.S. 1, 10–11 (1984).

        3.      Cause and Actual Prejudice

Because the requirement of exhaustion is not jurisdictional, this court may consider claims that have not been presented to the state courts in limited circumstances in which a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or by "prov[ing] that failure to consider the claims will result in a fundamental miscarriage of justice." *Lawrence v. Branker,* 517 F.3d 700, 714 (4th Cir.), *cert. denied,* 555 U.S. 868 (2008). A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor that hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Id.* Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924 (4th Cir. 1995).   However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error.

        4.      Ineffective Assistance of Counsel Claims

To prevail on his ineffective assistance of counsel claims, Petitioner must show (1) that his counsel's performance fell below an objective standard of reasonableness, and (2)

12

that a reasonable probability exists that but for counsel's error, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). The court must apply a "strong presumption" that trial counsel's representation fell within the "wide range of reasonable professional assistance," and the errors must be "so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Harrington v. Richter*, 131 S.Ct. 770, 787 (2011). This is a high standard that requires a habeas petitioner to show that counsel's errors deprived him "of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. That the outcome would "reasonably likely" have been different but for counsel's error is not dispositive of the prejudice inquiry. Rather, the court must determine whether the result of the proceeding was fundamentally unfair or unreliable. *Harrington*, 131 S.Ct. at 787–88; *Strickland*, 466 U.S. at 694.

The United States Supreme Court has cautioned that "'[s]urmounting *Strickland*'s high bar is never an easy task[,]' . . . [e]stablishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult." *Harrington*, 131 S.Ct. at 788 (quoting *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010)). When evaluating an ineffective assistance of counsel claim, the petitioner must satisfy the highly deferential standards of 28 U.S.C. § 2254(d) and *Strickland* "in tandem," making the standard "doubly" more difficult. *Harrington*, 131 S.Ct. at 788. In such circumstances, the "question is not whether counsel's actions were reasonable," but whether "there is any reasonable argument that counsel satisfied *Strickland*'s deferential standards." *Id.* The

13

unreasonableness of the state court determination must be "beyond any possibility of fairminded disagreement." *Id.* at 787. "If this standard is difficult to meet, that is because it was meant to be." *Id.* at 786. Section 2254(d) codifies the view that habeas corpus is a "'guard against extreme malfunctions in the state criminal justice system,' not a substitute for ordinary error correction through appeal." *Id.,* (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n. 5 (1979)).

    D.    Analysis

        1.    Procedurally-Barred Grounds

            a.    Ground One

As an initial matter, Respondent argues that Petitioner's Ground One is procedurally barred because it is not cognizable on federal habeas review. The undersigned agrees. In Ground One, Petitioner claims that the trial court erred in admitting the testimony of the Victim. However, the state court's resolution of an evidentiary question generally does not give rise to a cognizable claim under § 2254. *See Hutchins v. Garrison,* 724 F.2d 1425, 1437 (4th Cir. 1983) ("'Normally, the admissibility of evidence . . . in state trials [is a matter] of state law and procedure not involving federal constitutional issues.'") (alteration in original) (quoting *Grundler v. North Carolina,* 283 F.2d 798, 802 (4th Cir. 1960)). Further, because Petitioner raised no objection at trial to the competency of the child witness, he procedurally defaulted on the issue in state court and is procedurally barred from raising it now in federal habeas review. *State v. Pitts*, 182 S.E.2d 738 (S.C. 1971) (holding that when confronted with a timely objection to a witness's competency,

14

the trial judge has a duty to make such examination as will satisfy him as to the competency or incompetency of the person to testify, and thereupon to rule on the objection accordingly); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977)(failure to preserve issue under state law results in procedural bar on federal habeas review); *Coleman v. Thompson*, 501 U.S. 722 (1991) (issue not properly raised to the state's highest court, and procedurally impossible to raise there now, is procedurally barred from review in federal habeas).

b.    Ground Two

In Ground Two (C), Petitioner alleges that his due process rights were violated by the ineffective assistance of PCR counsel for failing to address all his amended PCR claims at his hearing, listing issues that he alleges should have been raised or addressed by the PCR court.   Alleged infirmities in a state post-conviction action are not matters that may be addressed in federal habeas actions as a free-standing ground. *Bryant*, 848 F.2d at 493. Because none of the claims in Ground Two (C) was raised to or ruled upon in Petitioner's PCR appeal, they were not preserved for review. *See, e.g., Coleman v. Thompson*, 501 U.S. 722 (1991) (holding issue not properly raised to state's highest court, and procedurally impossible to raise there now, is procedurally barred from review in federal habeas); *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996) (holding issues not presented to the state's highest court may be treated as exhausted if it is clear that the claims would be procedurally defaulted under state law if the petitioner attempted to raise them now).

Further, the portions of Petitioner's claims in Grounds Two (A) and (B) that were not addressed by the PCR court are also procedurally defaulted. *Pruitt v. State*, 423 S.E.2d

127 (S.C. 1992) (holding issue must be raised to and ruled on by the PCR judge in order to be preserved for review). Specifically, the PCR court did not rule on the portion of Ground Two (A) in which Petitioner alleges counsel was ineffective for making a closing argument that Petitioner had to prove his innocence. The PCR court also did not rule on the portion of Ground Two (B) concerning ineffective assistance of trial counsel in "emphasizing petitioner's prior record continually throughout the trial and in failing to object to comments made by other witnesses regarding his prior criminal record." The PCR court only ruled on Petitioner's claim that counsel was ineffective for not objecting to testimony that Petitioner had been in jail for 45 days when the Victim reported the assault. [ECF No. 27-2 at 87]. "To be preserved for appellate review, an issue must be both presented to and passed upon by the trial court. If the issue is raised but not ruled on, it is not preserved for appeal." *State v. Watts*, 467 S.E.2d 272, 278 (S.C. Ct. App. 1996). Petitioner did not file a Rule 59 motion to have the PCR court address these issues. *Plyler v. State*, 424 S.E.2d 477 (S.C. 1992); SCRCP 59(e) (providing avenue for any party to move to alter or amend a judgment); *Bostick v. Stevenson*, 589 F.3d 160, 164 (4th Cir. 2009) (acknowledging same applied consistently and regularly in South Carolina after *Marlar v. State*).  As a result, these portions of the claims in Grounds Two (A) and (B) were not properly presented to the South Carolina appellate courts, which would find them procedurally defaulted if Petitioner attempted to raise them now.  Consequently, federal habeas review of Petitioner's claims in Grounds Two (portion of A), (portion of B), and (C) is barred absent

a showing of cause and actual prejudice, or actual innocence. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977); *Matthews v. Evatt*, *supra*.

      2.      Cause and Prejudice

Petitioner has not shown sufficient cause and prejudice to excuse the default of these claims. In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. Petitioner has failed to meet this burden. Thus, these claims are procedurally barred from consideration by this court and should be dismissed. *See* 28 U.S.C. § 2254; *Rodriguez v. Young*, 906 F.2d 1153, 1159 (7th Cir. 1990) ("Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal Court."); *Mazzell v. Evatt*, 88 F.3d 263, 269 (4th Cir. 1996) (finding that in order to show prejudice a petitioner must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.); *Wainwright,* 433 U.S. at 88–91; *Murray*, 477 U.S. at 496; *Rodriguez*, 906 F.2d at 1159 (a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent") (*citing Murray*); *Sawyer v. Whitley*, 505 U.S. 333, 348 (1992); *Bolender v. Singletary*, 898 F. Supp. 876, 881 (S.D. Fla. 1995).

17

The existence of cause must ordinarily turn on whether the prisoner can show some objective factor external to the defense impeded counsel's or his efforts to comply with the state's procedural rule. *Murray*, 477 U.S. at 488. Petitioner fails to articulate cause for procedurally defaulting on these claims. Petitioner had a trial in which he raised no objection, had a direct appeal, a PCR hearing, and a PCR appeal in which to raise these issues. However, he failed to raise them, raise them properly, or preserve the issues for habeas review. Petitioner cannot establish cause and prejudice because he has abandoned the opportunities to preserve these issues.  In his response, Petitioner argues that the bar on hybrid representation prevented him from the opportunity to address the failure of the PCR court to address his claims by way of a Rule 59(e) motion, such that an exception should be made pursuant to *Martinez v. Ryan*, 132 S. Ct. 1309 (2012). [ECF No. 34 at 1–9].

The *Martinez* Court provided that "inadequate assistance of counsel at *initial-review* collateral proceedings *may* establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id.* at 1315 (emphasis added).  However, with respect to the foregoing claims of Petitioner, *Martinez* does not apply to excuse the procedural bar. Although the *Martinez* Court did not distinguish between trial and appellate ineffective assistance of counsel, by its own language, *Martinez* is limited to claims asserting ineffective assistance of trial counsel, and other courts that have addressed the issue have held that *Martinez* does not apply to ineffective assistance of appellate counsel claims. *See Reed v. Stephens,* 739 F.3d 753, 778 n. 16 (5th Cir. 2014) (declining to consider ineffective assistance of appellate counsel under *Martinez.*); *Hodges v. Colson,*

727 F.3d 517, 531 (6th Cir. 2013) (holding that "[u]nder *Martinez's* unambiguous holding our previous understanding of *Coleman* in this regard is still the law-ineffective assistance of post-conviction counsel cannot supply cause for procedural default of a claim of ineffective assistance of appellate counsel."); *Banks v. Workman,* 692 F.3d 1133, 1148 (10th Cir. 2012) (holding *Martinez* applies only to procedural default of a claim of ineffective assistance at trial, not to claim of ineffective assistance of appellate counsel). *But see Ha Van Nguyen v. Curry,* 736 F.3d 1287, 1289 (9th Cir.2013) (holding that *Martinez* applies where the underlying ineffective assistance of counsel is by appellate counsel). Because these grounds allege ineffective assistance of Petitioner's appellate counsel, the undersigned disagrees with Petitioner's argument that the default of his claims should be excused under *Martinez.* Thus, these claims are procedurally barred from consideration by a federal habeas court and should be dismissed.  *See also Burns v. Bush*, No. 8:13-3392-BHH-JDA, 2014 WL 8272310, at *17 (D.S.C. Dec. 22, 2014) (declining to consider ineffective assistance of appellate counsel under *Martinez*), Report & Recommendation adopted by 2015 WL 1298662 (D.S.C. Aug. 19, 2014).

In the alternative, Petitioner must show a miscarriage of justice. To demonstrate a miscarriage of justice, Petitioner must show he is actually innocent. Actual innocence is defined as factual innocence, not legal innocence. *Bousley v. United States*, 523 U.S. 614, 622 (1998). Petitioner cannot establish that the errors he complains of probably resulted in the conviction of an innocent person. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). In order to pass through the actual-innocence gateway, a petitioner's case must be "truly

extraordinary." *Id.* The court's review of the record does not support a showing of actual innocence.

During the trial, the solicitor presented the facts recited in the Factual Background section above and the jury determined Petitioner was guilty of both counts of CSC with a minor. The record makes an assertion of actual innocence not credible. The undersigned finds Petitioner has failed to meet his burden of demonstrating actual innocence, and therefore, the procedural bars apply as to all his claims except the following ineffective assistance of counsel claims.

3.    Merits Review

a.    Ground Two (A)

In Ground Two (A), Petitioner alleges, inter alia, that his trial counsel erred in advising him that he had to testify to prove his innocence because the state must prove guilt beyond a reasonable doubt. [ECF Nos. 1 at 5; 1-2 at 4–6].

At the PCR hearing, Petitioner testified that his trial counsel "he never did tell me to take the stand.   He said he'd back me up, but I never did get backed up there on the stand." [ECF No. 27-2 at 57].   When asked whether his trial counsel ever talked about whether or not he wanted to testify in his own defense, Petitioner stated "[n]ot about going on the stand, because I didn't have no reason not to go on the stand." [ECF No. 27-2 at 62].

The PCR court found counsel was not deficient concerning Ground Two (A):

the court finds trial counsel's testimony credible with regard to the issue of [Petitioner] taking the stand. Taking the stand was absolutely necessary in order for [Petitioner] to present his defense; additionally, based on the long

20

standing relationship between Petitioner and his trial counsel, trial counsel's belief that Petitioner would be a good witness was amply supported in the record.

[ECF No. 27-2 at 87].

In his petition, Petitioner alleges that trial counsel misinformed him and the jury that it was the burden of the defense to establish innocence because it was the state's burden to prove his guilt. [ECF No. 1-2 at 5]. Petitioner claims that trial counsel erred in "conducting the trial under an improper burden of proof," which he claims constituted deficient legal representation in violation of his Sixth Amendment right, and that but-for counsel's error, a reasonable probability exists that the outcome of the trial might have been different. *Id.* at 6.

The undersigned finds that the PCR court made reasonable findings of fact and reasonably applied federal law in denying Petitioner's claim concerning his taking the stand in light of the evidence presented. The PCR court's factual findings are based, in part, on its assessment that Petitioner's testimony was not credible, while plea counsel's testimony was credible. The PCR court's credibility determination is entitled to deference in this action. *Cagle v. Branker*, 520 F.3d 320, 324 (4th Cir. 2008) (citing 28 U.S.C. § 2254(e)(1)) ("[F]or a federal habeas court to overturn a state court's credibility judgments, the state court's error must be stark and clear."); *see also Marshall v. Lonberger*, 459 U.S. 422, 434 (1983) ("28 U.S.C. § 2254(d) gives federal habeas courts no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them."). Petitioner may overcome this presumption of correctness only by

showing "'clear and convincing evidence to the contrary.'" *Wilson v. Ozmint*, 352 F.3d

847, 858–59 (4th Cir. 2003) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 240 (2003)).

Petitioner has shown no cause to discount the PCR court's credibility determination.

While a defendant has Fifth Amendment right not to testify, the decision to testify is

made by the defendant and "must be made with knowledge of the consequences of either

choice." *Brown v. State*, 533 S.E.2d 308, 310 (S.C. 2000). The trial judge explained

Petitioner's right to testify or remain silent:

> The Court: Now, I want you to understand that you have an absolute
> constitutional right to testify in this case and you have an absolute and equal
> constitutional right not to testify. If you decide not to testify I would instruct
> the jury that they could not consider that in any fashion whatsoever in their
> deliberations. There are certain strategic reasons or motives to, in some cases
> to testify and in other cases not to testify. And those are things you need to
> talk about with your attorney. And I don't know at this time whether or not
> you have made a decision to testify or not. But I want you to understand that
> you have those rights and that you are the one that makes the decision and no
> one can force you to do one thing or the other. Do you understand that?
>
> Petitioner: Yes, sir.

[ECF No. 27-1 at 100, ll. 7–20]. Thereafter, the trial judge asked if Petitioner had any

questions that he would like to ask about his right to testify or not to testify, and Petitioner

stated, "I want to testify." [*Id.* at 22–25]. The trial judge informed Petitioner that the State

intended to use his prior convictions for impeachment under SCRE 609. [*Id.* at 101, 13–

20]. Petitioner stated that the impeachment possibility did not change his decision about

testifying. [*Id.* at 22–25].

Further, where trial counsel articulates a valid reason for employing certain trial

strategy, such conduct should not be deemed ineffective assistance of counsel if it was

objectively reasonable under the circumstances. *Strickland v. Washington*; *Caprood v. State*, 525 S.E.2d 514 (S.C. 2000).

Counsel testified he advised Petitioner to take the stand and testify on his own behalf because Petitioner told counsel, "from the first day that [Petitioner] was getting on the stand and telling [the jury] he didn't [commit criminal sexual conduct with a minor]." [ECF No. 27-2 at 74, ll. 23–25]. Counsel stated he advised Petitioner to take the stand and preemptively admit his prior convictions—none of which related to CSC—before the prosecution brought his convictions out on cross-examination. [*Id.* at 74, l. 25–75, ll. 23]. Counsel testified he recommended Petitioner be adamant in his testimony, but Petitioner did not seem convincing. [*Id.* at 78, ll. 3–9]. Counsel also testified that were Petitioner to have chosen not to testify, that he planned to argue that the State had not proven its case. However, Petitioner informed counsel "[t]hat's not the way it's going to be. I'm going to take the stand. I'll never in my life feel right about it unless I can get on the stand and tell [the jury] I didn't do it." [*Id.* at 78, ll. 12–14, 20–23]. Counsel testified he could not talk Petitioner out of testifying because Petitioner had a right to do so. [*Id.* at 78, ll. 23–25].

Counsel's advice to Petitioner about how to testify related to a sound trial strategy. As the PCR court held, "[t]aking the stand was absolutely necessary in order for [Petitioner] to present his defense." [*Id.* at 87]. Counsel's testimony is corroborated and supported by the colloquy between the trial court and Petitioner before Petitioner testified. [ECF No. 27-1 at 100–104].

23

Further, the undersigned finds no error concerning Petitioner's allegation that trial counsel made an inappropriate closing argument regarding the applicable burden of proof. The jury was charged repeatedly by the trial judge that Petitioner had no burden of proof and the State had the burden to prove Petitioner guilty beyond a reasonable doubt. [ECF No. 27-1 at 138–142]. In closing, trial counsel stated that Petitioner took the stand to try to prove his innocence, not that he was required to under the law, or that he had any burden of proof. [*Id.* at 124–129]. Counsel told the jury the State had not met its burden of proving Petitioner guilty beyond a reasonable doubt. [*Id.* at 129]. The trial judge then immediately instructed the jurors they must follow his instructions on the law as they had sworn to do and that Petitioner had no burden, was presumed innocent, and the State had the burden to prove Petitioner's guilt beyond a reasonable doubt, including all of the elements of the offenses the State alleged Petitioner committed. [*Id.* at 138–142].

Because Petitioner has failed to prove deficient performance or prejudice on Ground Two (A), the undersigned recommends that the court grant Respondent summary judgment.

### b.    Ground Two (B)

In Ground Two (B), Petitioner alleges that trial counsel was ineffective in emphasizing his prior record continually throughout the trial and not objecting to testimony regarding his prior record. The PCR court only addressed the portion of Ground Two (B) concerning Petitioner's claim that counsel was deficient in bringing out the fact

24

that Petitioner was in jail serving a 45 day sentence for minor charges when the Victim made the accusation that he had assaulted her.

The PCR court reasonably found that taken as a whole, the reference to Petitioner being in jail was necessary to explain the sequence of events leading up to his arrest and also related to Petitioner's implied assertion that the minor Victim's mother had fabricated the accusation out of mercenary desires. [ECF No. 27-1 at 110, ll. 23–111, ll. 1–4].

Where trial counsel articulates a valid reason for employing certain trial strategy, such conduct should not be deemed ineffective assistance of counsel if it is objectively reasonable under the circumstances. *Strickland v. Washington*; *Caprood v. State*, 525 S.E.2d 514 (S.C. 2000). Courts must be wary of second guessing counsel's trial tactics; and where counsel articulates a valid reason for employing such strategy, such conduct is not ineffective assistance of counsel if objectively reasonable under the circumstances. *Strickland v. Washington*; *Whitehead v. State*, 417 S.E.2d, 529 (S.C. 1992).

Petitioner cannot satisfy the *Strickland* test.   He has failed to show the PCR court unreasonably applied United States Supreme Court precedent in deciding his ineffective assistance of counsel claims. Additionally, Petitioner has failed to show by clear and convincing evidence the PCR court reached an unreasonable factual determination given the evidence and record before it. Therefore, Petitioner has failed to overcome the deferential standard of review accorded the state PCR court's determination of these issues.   Petitioner cannot establish that he is entitled to federal habeas relief on any claim

under 28 U.S.C. § 2254(d), and the undersigned recommends that they be denied and dismissed with prejudice.

IV.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the court grant Respondent's motion for summary judgment [ECF No. 26].

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

April 27, 2015                                    Shiva V. Hodges
Columbia, South Carolina               United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.   Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.   "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"   *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.   28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*   Fed. R. Civ. P. 6(a), (d).   Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**   28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).